PAUL L. REIN, Esq., (SBN 43053)
CELIA MCGUINNESS, Esq., (SBN 159420)
CATHERINE M. CABALO (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
ROBERT CRUZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRUZ<br><br>  Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH; and DOES 1-10, Inclusive,<br><br>  Defendants.<br>_____/ | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 AND § 55; and HEALTH & SAFETY CODE §§ 19955 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff ROBERT CRUZ complains of Defendants STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH; and DOES 1-10, Inclusive, and each of them, and allege as follows:

1. **INTRODUCTION:** This case involves the denial of accessible restaurant facilities, including denial of accessible entrance, seating, paths of travel, and restroom facilities, to plaintiff Robert Cruz and other disabled persons at the Starbucks restaurant, located at 4094 18th St., San Francisco, California.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -1-   S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

1. Plaintiff Robert Cruz is a physically disabled person who requires the use of a wheelchair, and was denied his civil rights under both California law and federal law, as hereinbelow described. On or about September 15, 2009, plaintiff was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry, accessible paths of travel, and accessible and usable sanitary facilities. Plaintiff also seeks recovery of damages for his discriminatory experience, denial of access and denial of his civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code § 4450 *et. seq.*; Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations.

3. **VENUE:** Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

4. **INTRADISTRICT:** This case should be assigned to the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -2- S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

1 Oakland/San Francisco intradistrict as the real property which is the subject of
2 this action is located in this intradistrict and plaintiff's causes of action arose in
3 this intradistrict.

4     5.    **PARTIES:** Plaintiff is a qualified physically disabled person who
5 cannot walk and who requires use of a motorized wheelchair for locomotion.
6 Defendants STARBUCKS CORPORATION; 4096 18th STREET, LLC;
7 MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH; and Does
8 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business,
9 property, building and/or portions thereof located at 4094 18th St., San Francisco,
10 California, and currently housing a "Starbucks" restaurant. This Starbucks is a
11 "public accommodation and business establishment" subject to the requirements
12 of California Health & Safety Code § 19955 *et seq.* and of California Civil Code
13 §§ 54 *et seq.* Such facilities have, since July 1, 1970, undergone construction
14 and/or "alterations, structural repairs, or additions" subjecting such building to
15 disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.*
16 Such alterations since July 1, 1982 also subjected the building to requirements of
17 California's Title 24, the State Building Code. Further, irrespective of the
18 alteration history, such premises are subject to the "readily achievable" barrier
19 removal requirements of Title III of the Americans With Disabilities Act of 1990.

20     6.    The true names and capacities of Defendants Does 1 through 10,
21 Inclusive, are unknown to plaintiff who therefore sues said defendants by such
22 fictitious names. Plaintiff is informed and believes that each of the defendants
23 herein designated as a Doe is legally responsible in some manner for the events
24 and happenings herein referred to and caused injury and damages proximately
25 thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to
26 show such true names and capacities when the same have been ascertained.

27     7.    Defendants STARBUCKS CORPORATION; 4096 18th STREET,
28 LLC; MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH; and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -3- S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

1   Does 1-10, Inclusive, are and were the owners, operators, lessors and/or lessees of
2   the subject business, property and/or building at all times relevant to this
3   Complaint. Plaintiff is informed and believes that each of the defendants herein is
4   the agent, employee or representative of each of the other defendants, and
5   performed all acts and omissions stated herein within the scope of such agency or
6   employment or representative capacity and is responsible in some manner for the
7   acts and omissions of the other defendants in proximately causing the damages
8   complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**

     8.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

     9.    Plaintiff Robert Cruz, a physically disabled person who requires the use of a motorized wheelchair, was denied his civil rights under both California law and federal law, as hereinbelow described. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq*. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq*.

     10.   Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief, the provisions of both Health and Safety Code §§ 19955 and 19955.5,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -4-     S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

apply to the restaurant located at 4094 18th St., San Francisco, California. The code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq*. Further, defendants closed the restaurant for remodeling in 2009, triggered further access requirements during the alterations and structural repairs during the remodeling, and reopened without improving access in the respects noted hereinbelow.

11. **FACTUAL STATEMENT:** On or about September 15, 2009, plaintiff Robert Cruz traveled in his motorized wheelchair to "Starbucks," a restaurant located at 4094 18th St., in San Francisco. Plaintiff was accompanied by a friend, who also used a motorized wheelchair. Plaintiff had difficulty entering the Starbucks because the entry area was too narrow for wheelchairs to enter past the lines of customers waiting for service at the "coffee bar" service counter. When plaintiff was finally able to order coffee, he found that the condiment table was inaccessible for wheelchair users due to its location, height, and depth. Further, plaintiff found that at least two-thirds of the customer tables

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -5-     S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

1 were located up two stairs on a raised area, and none of the tables were
2 wheelchair accessible. Further, when plaintiff required use of the restroom, he
3 found that the hallway leading to the restroom had an inaccessible ramp, improper
4 handrails, and obstructed landings at the restroom door. The restroom itself was
5 also inaccessible and improperly configured, lacking wheelchair "turn-around"
6 space and lacking sufficient space for a side transfer to the toilet. The lavatory
7 (sink) was also improperly located and configured, without adequate knee space,
8 and inaccessible in other respects.

9     12.    This public facility was and continues to be inaccessible to persons
10 with disabilities in multiple aspects, including but not limited to the following:
11 entrance, interior paths of travel, service counters, public restroom, and public
12 dining areas, all rendering these premises inaccessible to and unusable by
13 physically disabled persons. All facilities must be brought into compliance with
14 all applicable federal and state code requirements. Further, plaintiff will seek
15 leave to amend this Complaint after inspection of the Restaurant premises by his
16 access consultants, pursuant to the 9th Circuit's holdings in <u>Doran v. 7-Eleven,</u>
17 <u>Inc.</u>, 524 F.3d 1034 (9th Cir. 2008).

18     13.    Further, each and every violation of the Americans With Disabilities
19 Act of 1990 (as pled in the Second Cause of Action, *infra*, the contents of which
20 are repled and incorporated herein, word for word, as if separately repled), also
21 constitutes a separate and distinct violation of California Civil Code § 54(c), thus
22 independently justifying an award of damages and injunctive relief pursuant to
23 California law, including but not limited to Civil Code §§ 54.3 and 55.

24     14.    Further, each and every violation of the Americans With Disabilities
25 Act of 1990 (as pled in the Second Cause of Action hereinbelow, the contents of
26 which are repled and incorporated herein, word for word, as if separately repled),
27 also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus
28 independently justifying an award of damages and injunctive relief pursuant to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -6-   S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

California law, including but not limited to Civil Code §§ 54.3 and 55.

15. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to these public facilities. Such acts and omissions are the cause of humilation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of this public building and facilities, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff has been deterred from patronage of the restaurant by its lack of properly accessible facilities. Plaintiff alleges that he intends to return and patronize this restaurant, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court.

16. Wherefore, plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code § 19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

17. **DAMAGES:** As a result of the denial of equal access to the facility

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

and due to the acts and omissions of defendants and each of them in owning, operating, leasing from or leasing to, constructing, altering, and maintaining the subject facilities, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code § 54.3, including damages for physical injuries, mental and emotional injuries, statutory damages, and statutory treble damages, as hereinafter stated.

18. **TREBLE DAMAGES:** Treble damages should be awarded because defendants, at all times relevant herein, were aware that mobility impaired disabled persons, such as plaintiff, could not use defendants' premises on a full and equal basis; but defendants continued to own, lease and operate the premises without providing the legally required access, despite knowledge of their obligations under state and federal law to provide such accessible facilities. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. On information and belief, defendants failed to remove these barriers even after complaints to defendants' employees and/or agents by plaintiff and other disabled persons, and have failed to provide properly accessible facilities as required by state and federal law. Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with physical mobility disabilities attempt to patronize the subject public facilities and encounter illegal barriers when they do so.

19. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have refused to rectify the violations, and presently continue a

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

1 course of conduct in maintaining architectural barriers that discriminate against
2 plaintiff and similarly situated disabled persons.

3     20.   **FEES AND COSTS:** As a result of defendants' acts, omissions, and
4 conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
5 costs in order to enforce plaintiff's rights and to enforce provisions of the law
6 protecting access for disabled persons and prohibiting discrimination against
7 disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney
8 fees, litigation expenses, and costs, pursuant to the provisions of Civil Code
9 §§ 54.3 and 55, and California Health & Safety Code § 19953. Additionally,
10 plaintiff's lawsuit is intended to require that defendants make their facilities
11 accessible to all disabled members of the public, justifying "public interest"
12 attorney fees, litigation expenses and costs pursuant to the provisions of
13 California Code of Civil Procedure § 1021.5 and other applicable law.

14     WHEREFORE, plaintiff prays for damages and injunctive relief as
15 hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,
CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH
DISABILITIES ACT AS INCORPORATED
BY CIVIL CODE SECTION 51(f)**

20     21.   Plaintiff repleads and incorporates by reference, as if fully set forth
21 hereafter, the factual allegations contained in Paragraphs 1 through 20 of this
22 Complaint and incorporates them herein.

23     22.   At all times relevant to this complaint, California Civil Code § 51
24 has provided that physically disabled persons are free and equal citizens of the
25 state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

Cal. Civ. C. § 51(b).

23. California Civil Code § 52 provides that the discrimination by defendants against plaintiff on the basis of his disabilities constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

24. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

25. Any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, incorporated herein) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

26. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Civil Code §§ 51 and 52.

27. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -10- S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

of California Civil Code §§ 51 and 52. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq.*

28.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them herein as if separately repled.

29.  In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 USC §12101.

30.  In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -11-       S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 USC § 12101(b).

31.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 USC § 12181 *et seq*. The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink." § 301(7)(B).

32.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.  The specific prohibitions against discrimination included, but were not limited to the following:

<u>§ 302(b)(1)(A)(ii)</u>: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

<u>§ 302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -12-     S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

33. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards § 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

34. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against plaintiff on the basis of his

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -13-     S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

35. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons access to this public accommodation since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

36. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

## **PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -14- S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

1  modify the above described property and premises  and related facilities so that
2  each provides full and equal access to all persons, including persons with physical
3  disabilities who use a wheelchair; and issue a preliminary and permanent
4  injunction directing defendants to provide facilities usable by plaintiff and
5  similarly situated persons with disabilities, and which provide full and equal
6  access, as required by law, including appropriate changes in policy;

7      2.    Retain jurisdiction over the defendants until such time as the Court is
8  satisfied that defendants' unlawful policies, practices, acts and omissions, and
9  maintenance of inaccessible public facilities as complained of herein no longer
10 occur, and can not recur;

11     3.    Award to plaintiff all appropriate damages, including but not limited
12 to statutory damages, general damages and treble damages in an amount within
13 the jurisdiction of the Court, all according to proof;

14     4.    Award to plaintiff all reasonable statutory attorney fees, litigation
15 expenses, and costs of this proceeding as provided by law;

16     5.    Award prejudgment interest pursuant to California Civil Code
17 § 3291;

18     6.    Grant such other and further relief as this Court may deem just and
19 proper.

22 Dated:   April 28, 2010        LAW OFFICES OF PAUL L. REIN

24         /s/ Paul L. Rein
        By PAUL L. REIN
25         Attorneys for Plaintiff
        ROBERT CRUZ

27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -15-     S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 28, 2010              LAW OFFICES OF PAUL L. REIN


                                   ___/s/ Paul L. Rein_____
                                   By PAUL L. REIN
                                   Attorneys for Plaintiff
                                   ROBERT CRUZ

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES            -16-            S:\CASES\S\STARBUCKS\PLEADINGS\STARBUCKS.CMP.wpd