1  Shane Singh, Bar No. 202733
   ssingh@kringandchung.com
2  KRING & CHUNG, LLP
   2620 J Street, # 1
3  Sacramento, California 95816-4381
   Telephone: (916) 266-9000
4  Facsimile: (916) 266-9001

5  Attorneys for Defendant
   STARBUCKS COFFEE COMPANY
6  (erroneously sued herein as STARBUCKS
   CORPORATION)

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ROBERT CRUZ,<br><br>       Plaintiff,<br>vs.<br><br>STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH; and DOES 1-10, Inclusive,<br><br>       Defendants. | Case No. C10-01868<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Assigned for All Purposes To:<br>Magistrate Judge Joseph C. Spero<br><br>Action Filed:  April 30, 2010 |

    COMES NOW, Defendant STARBUCKS COFFEE COMPANY, sued herein as STARBUCKS CORPORATION ("Defendant"), for itself only, hereby responds to Plaintiff's Complaint filed on or about April 30, 2010 as follows. Defendant reserves all rights to amend, add, or strike affirmative defenses as discovery ensues or due to any inadvertence.

                          **I.    INTRODUCTION**

    1.   Defendant denies that Plaintiff, ROBERT CRUZ, was discriminated against in any way.

                          **II.   JURISDICTION**

    2.   Defendant admits that this Court has original jurisdiction for Plaintiff's allegations.

                          **III.  VENUE**

    3.   Defendant admits that venue is proper within this District.



### IV. INTRADISTRICT

4. Defendant only admits intradistrict venue is proper as alleged.

### V. PARTIES

5. Defendant only admits that it operates a place of public accommodation.

6. Defendant denies each and every allegation of said paragraph.

7. Defendant only admits that it operates a place of public accommodation.

### VI. FIRST CAUSE OF ACTION

8. Defendant reiterates its responses to allegations 1-7, above.

9. Defendant denies each and every allegation of said paragraph.

10. Defendant denies each and every allegation of said paragraph.

11. Defendant denies each and every allegation of said paragraph.

12. Defendant denies each and every allegation of said paragraph.

13. Defendant denies each and every allegation of said paragraph.

14. Defendant denies each and every allegation of said paragraph.

15. Defendant denies each and every allegation of said paragraph.

16. Defendant denies each and every allegation of said paragraph.

17. Defendant denies each and every allegation of said paragraph.

18. Defendant denies each and every allegation of said paragraph.

19. Defendant denies each and every allegation of said paragraph.

20. Defendant denies each and every allegation of said paragraph.

### VII. SECOND CAUSE OF ACTION

21. Defendant reiterates its responses to allegations 1-20, above.

22. Defendant denies each and every allegation of said paragraph.

23. Defendant denies each and every allegation of said paragraph.

24. Defendant denies each and every allegation of said paragraph.

25. Defendant denies each and every allegation of said paragraph.

26. Defendant denies each and every allegation of said paragraph.

27. Defendant denies each and every allegation of said paragraph.



F:\3628\0010\pld\Ans to Complaint.doc

## VII. THIRD CAUSE OF ACTION

28. Defendant reiterates its responses to allegations 1-27, above.
29. Defendant denies each and every allegation of said paragraph.
30. Defendant denies each and every allegation of said paragraph.
31. Defendant denies each and every allegation of said paragraph.
32. Defendant denies each and every allegation of said paragraph.
33. Defendant denies each and every allegation of said paragraph.
34. Defendant denies each and every allegation of said paragraph.
35. Defendant denies each and every allegation of said paragraph.
36. Defendant denies each and every allegation of said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint, in its entirety and through each separately stated cause of action, fails to state facts sufficient to constitute a viable cause of action against this answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff's delay in asserting his averments has resulted in prejudice to Defendant and, thus, Plaintiff should be denied relief under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff failed to notify Defendant and appropriate state authorities about the averred violations, and therefore failed to exercise his administrative exhaustion requirements under California and federal law. Plaintiff failed to notify Defendant in order to provide an opportunity to remediate before filing suit to likely resolve averred access problems fairly, and therefore failed to mitigate his damages.

///



3

F:\3628\0010\pld\Ans to Complaint.doc

**FIFTH AFFIRMATIVE DEFENSE**

Because discovery is ongoing, Defendant is informed and believes that based on future construction/contractor bids regarding proposed access changes, the cost of said bids will show that the proposed changes are disproportionate to the overall previous applicable alteration (if any), and therefore not required under relevant and applicable access law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that to meet the access requirements that Plaintiff requests, such would be structurally impracticable.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant avers that it has no independent knowledge, as of the filing of this answer, of the facts allegedly constituting the cause of action in Plaintiff's complaint, and based thereon, hereby respectfully requests leave of Court to amend this answer to include those affirmative defenses that are revealed during the course of discovery.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that some or all of the proposed access changes are not "readily achievable" as defined by applicable access law and/or are deminimus alleged violations.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that the Complaint and each cause of action averred therein are barred by reason of Defendant's good faith reliance upon the permissible, reasonable interpretation of applicable access codes by local government building authorities, local government and city authorities, and the issuance of appropriate building permits, exemptions and/or waivers.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes that the Complaint and each cause of action averred therein are barred by reason of Defendant's good faith reliance upon the advice of architects and/or designers, contractors, building permit inspectors, county and city officials, government authorities, etc., who provided opinions, evaluations, approvals, consultations and/or exemptions.

/ / /

F:\3628\0010\pld\Ans to Complaint.doc

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that some and/or all the alleged access issues at this facility are not in a primary function area.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that any proposed access changes would fundamentally alter the nature of the goods, service, facility, privilege, advantage or accommodation being offered.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that there is no liability where any alleged deviations from state or federal access codes will be rectified within ninety (90) days of discovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that some and/or all of the averred construction changes were made in compliance with the American Standards Association (ASA) (ANSIA 117.1-1961).

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that any proposed access changes would cause a loss of function, space or facility where the general public is concerned, and that said proposed changes would cause practical difficulty, unnecessary hardship, and extreme differences, and the equivalent facilitation has been provided.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that any construction changes to the subject property in question were made in compliance with ANSIA in proportion to the anticipated number of individuals with disabilities who would use said property.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that Plaintiff's claim for relief under the California Civil Code is unenforceable because there were no "alterations" after 1987 when Civil Code Sections 51, 52, 54.3 and 55 were enacted and enforceable as a private right of action.

///

///



F:\3628\0010\pld\Ans to Complaint.doc

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that other persons/entities not presently parties to this action are totally or partially liable for alleged access violations, and these persons/entities may be discovered during discovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that it is exempt in accordance with the applicable state and federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant asserts that the complaint fails to state a viable claim for punitive damages against this answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Notwithstanding the previous denials and/or asserted affirmative defenses, Plaintiff is not entitled in any sense to recovery of attorney fees, costs of suit or pre-judgment interest.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff brought the instant lawsuit with full knowledge of other disability access lawsuits against Defendant, and as such, Plaintiff is barred from recovery of any damages, attorney fees, costs, of suit or pre-judgment interest under the "Tag-along" Doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, STARBUCKS COFFEE COMPANY, prays for judgment against Plaintiff, ROBERT CRUZ, as follows:

1. Denial of all right to injunctive relief, declaratory judgment and/or damages pursuant to all claims for relief in Plaintiff's Complaint;

2. Denial of any and all damages, including attorney fees, litigation expenses, costs and punitive damages;

3. For reasonable attorney fees and litigation expenses and costs in defense of Plaintiff's Complaint; and



F:\3628\0010\pld\Ans to Complaint.doc

1      4.    Such other and further relief as the Court may deem just and proper.

2  Dated: June 4, 2010          KRING & CHUNG, LLP

4                            By:   */s/ Shane Singh, Esq.*
                                   Shane Singh
5                                   Attorneys for Defendant
                                   STARBUCKS COFFEE COMPANY
6                                   (erroneously sued herein as STARBUCKS
                                   CORPORATION)



F:\3628\0010\pld\Ans to Complaint.doc

**DEMAND FOR JURY TRIAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant, STARBUCKS COFFEE COMPANY, hereby demands a Trial by jury in the above-entitled action pursuant to the provisions of the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 4, 2010     KRING & CHUNG, LLP


By: _/s/ Shane Singh, Esq._
    Shane Singh
    Attorneys for Defendant
    STARBUCKS COFFEE COMPANY
    (erroneously sued herein as STARBUCKS CORPORATION)



F:\3628\0010\pld\Ans to Complaint.doc