Paul L. Rein, Esq. (SBN 43053)
Celia McGuinness, Esq. (SBN 159420)
Catherine M. Cabalo, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
E-mail: reinlawoffice@aol.com

Attorneys for Plaintiff
ROBERT CRUZ

Shane Singh, Bar No. 202733
ssingh@kringandchung.com
KRING & CHUNG, LLP
2620 J Street, # 1
Sacramento, California 95816-4381
Telephone: (916) 266-9000
Facsimile: (916) 266-9001

Attorneys for Defendant
STARBUCKS COFFEE COMPANY
(sued herein as STARBUCKS CORPORATION), 4096 18th
STREET, LLC, MICHAEL G. DOTTERWEICH and
MARGARET F. DOTTERWEICH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT CRUZ,<br><br>Plaintiff,<br>vs.<br><br>STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. C10-01868<br><br>**CONSENT DECREE and ~~[PROPOSED]~~ ORDER AS TO INJUNCTIVE RELIEF ONLY**<br><br>Assigned for All Purposes To:<br>Magistrate Judge Joseph C. Spero<br><br>Action Filed: April 30, 2010 |

1. Plaintiff ROBERT CRUZ filed a Complaint in this action on April 30, 2010, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants STARBUCKS

CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH, relating to the condition of their public accommodations as of plaintiff's visit on or about September 15, 2009, and continuing. Plaintiff has alleged that defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at Starbucks Coffee Company, located at 4094 18th St., San Francisco, California.

2. Defendant STARBUCKS COFFEE COMPANY (sued as STARBUCKS CORPORATION) filed an Answer on June 4, 2011 generally denying that Plaintiff had been discriminated.

3. Plaintiff and defendants STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH (hereinafter "the Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit as to defendants without the need for protracted litigation.

**JURISDICTION:**

4. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*, and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

5. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims against defendants raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims against defendants.

///
///
///



WHEREFORE, the Parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Consent Decree and Order shall be a full, complete and final disposition and settlement of plaintiff's claims against defendants for injunctive relief that have arisen out of the subject Complaint.

7. The Parties agree and stipulate that the corrective work will be performed and maintained in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a) **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in Attachment A, attached and incorporated herewith.

Defendants agree to undertake all of the remedial work as set forth therein.

b) **Timing of Injunctive Relief:** Defendants agree to complete the work identified above within six (6) months after all parties sign this Consent Decree.

In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief according to the agreed-to timetable for completion, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's counsel in writing when all the corrective work is completed, and in any case will provide status report(s) consistent with subsection (c).

c) Defendants or their counsel will notify plaintiff in writing by the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided. If defendants fail to provide injunctive relief on the agreed-to timetable and/or fail to provide timely written status notification, and plaintiff files a motion with the Court to obtain compliance with these terms, plaintiff reserves the right to seek additional attorney fees for all compliance work necessitated by defendants' failure to keep this agreement.

KRING & CHUNG ATTORNEYS LLP

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

8. No agreement has been reached between plaintiff and defendants regarding plaintiff's damages, attorney fees, litigation expenses and costs. These issues will be the subject of further negotiation and/or litigation. The Parties jointly stipulate and request that the Court not dismiss the case as these significant issues remain unresolved.

**ENTIRE CONSENT ORDER:**

9. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief. The issue of damages, attorney fees, litigation expenses, and costs are specifically excluded and shall be the subject of further negotiations and/or litigation. As such, the Parties stipulate that the Court will not dismiss the case.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree and Order shall be binding on plaintiff ROBERT CRUZ and upon defendants STARBUCKS COFFEE COMPANY (sued herein as STARBUCKS CORPORATION); 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH, and any successors in interest. Defendants STARBUCKS COFFEE COMPANY; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF AND DAMAGES ONLY:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except that



caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses, and costs.

12. Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expense, and costs -- each of the Parties to this Consent Decree and Order, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**:

13. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent





Decree and Order for twelve (12) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Consent Decree and Order is completed and payment for damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 08/30, 2011 PLAINTIFF ROBERT CRUZ

[signature]
ROBERT CRUZ

Dated: ________, 2011 DEFENDANT STARBUCKS COFFEE COMPANY

By: ______________________

Print name: ______________________

Title/position: ______________________

Dated: ________, 2011 DEFENDANT 4096 18TH STREET, LLC

By: ______________________

Print name: ______________________

Title/position: ______________________


Case3:10-cv-01868-JCS Document30 Filed09/21/11 Page7 of 11

Dated: _________, 2011

DEFENDANT MICHAEL G. DOTTERWEICH

_______________________________
MICHAEL G. DOTTERWEICH

Dated: _________, 2011

DEFENDANT MARGARET F. DOTTERWEICH

_______________________________
MARGARET F. DOTTERWEICH

APPROVED AS TO FORM:

Dated: 9/6, 2011

LAW OFFICES OF PAUL L. REIN

By: CATHERINE M. CABALO, ESQ.
Attorneys for Plaintiff ROBERT CRUZ

Dated: _________, 2011

KRING & CHUNG, LLP

_______________________________
By: SHANE SINGH, ESQ.
Attorneys for Defendants STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH

KRING & CHUNG

7

S:\CASES\S\STARBUCKS\PLEADINGS\Consent Decree & Order\20110822 Consent Decree & Order (FINAL).doc

Decree and Order for twelve (12) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Consent Decree and Order is completed and payment for damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: ________, 2011

PLAINTIFF ROBERT CRUZ

______________________
ROBERT CRUZ

Dated: Aug 25, 2011

DEFENDANT STARBUCKS COFFEE COMPANY

By: [signature]
Print name: Jim Terry
Title/position: VP Global Real Estate and Facilities

Dated: Aug 29, 2011

DEFENDANT 4096 18TH STREET, LLC

By: [signature] Frank Alioto
Print name: Frank Alioto
Title/position: Landlord 4096 - 18th St LLC

KANG & CHUNG ATTORNEYS LLP

Dated: Aug 26, 2011

DEFENDANT MICHAEL G. DOTTERWEICH

Michael G. Dotterweich

MICHAEL G. DOTTERWEICH

Dated: 8/26, 2011

DEFENDANT MARGARET F. DOTTERWEICH

Margaret F. Dotterweich

MARGARET F. DOTTERWEICH

APPROVED AS TO FORM:

Dated: __________, 2011

LAW OFFICES OF PAUL L. REIN

____________________

By: CATHERINE M. CABALO, ESQ.
Attorneys for Plaintiff ROBERT CRUZ

Dated: __________, 2011

KRING & CHUNG, LLP

____________________

By: SHANE SINGH, ESQ.
Attorneys for Defendants STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH

KRING & CHUNG ATTORNEYS LLP

Dated: __________, 2011

DEFENDANT MICHAEL G. DOTTERWEICH

______________________________
MICHAEL G. DOTTERWEICH

Dated: __________, 2011

DEFENDANT MARGARET F. DOTTERWEICH

______________________________
MARGARET F. DOTTERWEICH

APPROVED AS TO FORM:

Dated: __________, 2011

LAW OFFICES OF PAUL L. REIN

______________________________
By: CATHERINE M. CABALO, ESQ.
Attorneys for Plaintiff ROBERT CRUZ

Dated: 9-15, 2011

KRING & CHUNG, LLP

______________________________
By: SHANE SINGH, ESQ.
Attorneys for Defendants STARBUCKS CORPORATION; 4096 18th STREET, LLC; MICHAEL G. DOTTERWEICH; and MARGARET F. DOTTERWEICH

Case3:10-cv-01868-JCS Document30 Filed09/21/11 Page11 of 11

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: Sept. 21, 2011

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Judge Joseph C. Spero

Honorable J[illegible]
United St[illegible]e

8

S:\CASES\S\STARBUCKS\PLEADINGS\Consent Decree & Order\20110822 Consent Decree & Order (FINAL).doc

KRING & CHUNG ATTORNEYS LLP