# COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release is made and entered into as of this 21st day of March 2012, between Plaintiff ROBERT CRUZ, on behalf of himself and all his heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest (hereinafter jointly and collectively designated "PLAINTIFF"), and Defendants STARBUCKS CORPORATION; 4096 18TH STREET, LLC; MICHAEL G. DOTTERWEICH; MARGARET F. DOTTERWEICH and their predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, successors, employees, attorneys, insurers, and parent, subsidiary and affiliated companies (hereinafter jointly and collectively designated "DEFENDANTS");

WHEREAS DEFENDANTS are the owners and operators of the property and Starbucks store, which constitute a public accommodation located at or near 4094 18th St., San Francisco, California (hereinafter referred to as the "PREMISES");

WHEREAS PLAINTIFF filed, and there is now pending a lawsuit against DEFENDANTS entitled <u>Cruz v. Starbucks Corp., et al.</u> in the United States District Court, Northern District of California, Case No. C10-1868 JCS (hereinafter referred to as the "ACTION"), alleging that DEFENDANTS engaged in the denial of civil rights and accessible public facilities to physically disabled persons, and personal injury damages resulting therefrom;

WHEREAS PLAINTIFF and DEFENDANTS desire to settle PLAINTIFF'S claim for damages asserted in his Complaint filed in this ACTION and all claims and causes of action related to damages which could have been raised by PLAINTIFF in this ACTION, and DEFENDANTS desire to settle all claims or causes of action which could have been raised between each other relating to or arising out of PLAINTIFF'S claim for damages in this ACTION;

NOW, THEREFORE, in consideration with the agreements and mutual covenants herein provided and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties agree as follows:

1. DEFENDANTS shall pay to PLAINTIFF a total of $43,000 for PLAINTIFF's alleged damages for personal injuries and civil rights violations, with payment to be made to "PAUL L. REIN IN TRUST FOR ROBERT CRUZ." STARBUCKS agrees to deliver full payment of PLAINTIFF'S $43,000 damages to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 by March 9, 2012.

2. DEFENDANTS have previously agreed to make modifications to the PREMISES to bring it into compliance with state and federal disability access guidelines, as specifically agreed to per the Consent Decree and Order entered by the Court on September 21, 2011 (Docket No. 30).

3. PLAINTIFF's claims for attorneys' fees, litigation expenses, and costs in this case will be the subject of further negotiation by the parties. The parties agree that if they cannot resolve these claims within thirty (30) days of PLAINTIFF's signature below, PLAINTIFF shall be able to file a motion to the Court to resolve these issues.

4. In consideration of the foregoing, PLAINTIFF for himself, his heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest hereby releases, acquits and discharges DEFENDANTS and their predecessors, heirs, executors, administrators, agents, representatives, assigns, attorneys, and all other successors-in-interest, employees, attorneys, insurers, and parent, subsidiary and affiliated companies, from any and all claims, demands, causes of action, obligations, damages, suits, debts, payments owed, expenses, costs, accounts, covenants, controversies, agreements, promises, judgments, injunctive claims, charges and liabilities of any nature whatsoever, **with the exception of PLAINTIFF's ongoing claims for attorneys' fees, litigation expenses, and costs** -- and including those for physical injuries, mental or emotional injuries, and/or injuries of all kinds -- both known and unknown, suspected or unsuspected, in law or in equity, relating to or arising out of the ACTION or otherwise pertaining in any way directly or indirectly to the PREMISES.

5. As a further consideration and inducement for this Settlement Agreement and General Release, all parties hereby waive against each other all rights under Section 1542 of the California Civil Code or any analogous state,

local, or federal law, statute, rule, order or regulation. California Civil Code Section reads as follows:

> GENERAL RELEASE – CLAIMS EXTINGUISHED. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her, must have materially affected his or her settlement with the debtor.

Understanding the language of Civil Code section 1542 and being fully aware of the legal effect of the statute, the parties nevertheless expressly and specifically waive any and all rights or remedies provided by Civil Code section 1542, or any analogous state, local or federal law, statute, rule or order or regulation.

6. PLAINTIFF further agrees that he shall not file any legal action against Starbucks Coffee Company location at 4094 18th Street, San Francisco, California 94114 alleging "access" discrimination and/or any other related physical disability discrimination claim, without having provided forty-five (45) days written notice of any specific deficiencies. This notice shall be made by certified mail with return receipt requested to: Customer Care Center, P.O. Box 34067, Mail Stop S-LA1, Seattle, WA 98124-1067.

7. This Settlement Agreement and General Release is the product of negotiation by and among the parties hereto and their respective attorneys, and therefore this Settlement Agreement and General Release shall not be deemed to have been prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

8. This Settlement Agreement and General Release shall be interpreted in accordance with and in all respects governed by the laws of the State of California.

9. PLAINTIFF and DEFENDANTS have each carefully read this Settlement Agreement and General Release and understand its content and sign it freely and voluntarily upon the advice of their attorneys.

10. PLAINTIFF affirms that the only consideration for his execution of this Settlement Agreement and General Release are the terms stated above; that no

other promise or agreement of any kind has been made to PLAINTIFF to cause him to execute this Settlement Agreement and General Release; that he is competent to execute this Settlement Agreement and General Release; that his agreement to execute this Settlement Agreement and General Release has not been obtained by any duress; and that he fully understands the meaning and intent of this document which is that it constitutes a complete Settlement Agreement and General Release.

11. The parties further agree that this agreement shall be binding upon them and their heirs, executors, administrators, agents, representative, assigns, attorneys, and all other successors-in-interest. PLAINTIFF warrants that he has not assigned any portion of his claims against DEFENDANTS to any person or entity and further warrants that no person, including relatives, has any right to PLAINTIFF's claims against DEFENDANTS.

12. In the event that a portion or portions of this agreement are adjudicated to be invalid, such portions that are not invalid shall remain in full force and effect.

13. Except for the Consent Decree and Order entered by the Court on September 21, 2011 (Docket No. 30), this Settlement Agreement and General Release contains the ENTIRE AGREEMENT between PLAINTIFF and DEFENDANTS, and the terms of this Settlement Agreement and General Release are contractual and not a mere recital.

14. This Agreement may be executed in counterparts and all so executed shall constitute one Agreement which shall be binding upon all parties hereto, notwithstanding that all parties' signatures do not appear on the same page. Facsimile signatures shall have the same force and effect as original signatures.

**END OF PAGE**

**SIGNATURES CONTINUE ON THE NEXT PAGE
AND ORDER IS AT THE END OF THE DOCUMENT.**

03/11/2012 02:47 4154311456 SBPRESS CASTRO PAGE 02/02

AGREED.

Date: March 9, 2012

Approved as to form:

Date: 3/13/2012

AGREED.

Date: _____

Date: _____

Date: _____

PLAINTIFF:

_____
Plaintiff Robert Cruz

LAW OFFICE OF PAUL L. REIN

_____
By: Catherine M. Cabalo, Esq.
Attorneys for Plaintiff Robert Cruz

DEFENDANTS:

_____(print name)
for defendant Starbucks Corporation
Title: _____

_____(print name)
for defendant 4096 18th Street, LLC
Title: _____

_____
Defendant Michael G. Dotterweich

AGREED.                                    PLAINTIFF:

Date: _____                       _____
                                           Plaintiff Robert Cruz

Approved as to form:

                                           LAW OFFICE OF PAUL L. REIN

Date: _____
                                           _____
                                           By: Catherine M. Cabalo, Esq.
                                           Attorneys for Plaintiff Robert Cruz

AGREED.                                    DEFENDANTS:

Date: MARCH 7, 2012                        _____[signature]_____
                                           Jim Teuny_____ (print name)
                                           for defendant Starbucks Corporation
                                           Title: VP STORE DEVELOPMENT

Date: _____                       _____
                                           _____(print name)
                                           for defendant 4096 18th Street, LLC
                                           Title: _____

Date: _____                       _____
                                           Defendant Michael G. Dotterweich

AGREED.                                          PLAINTIFF:

Date: _____                             _____
                                                 Plaintiff Robert Cruz

Approved as to form:

                                                 LAW OFFICE OF PAUL L. REIN

Date: _____
                                                 _____
                                                 By: Catherine M. Cabalo, Esq.
                                                 Attorneys for Plaintiff Robert Cruz

AGREED.                                          DEFENDANTS:

Date: _____

                                                 _____ (print name)
                                                 for defendant Starbucks Corporation
                                                 Title: _____

Date: 3.14.12                                    X *[signature]* Frank Alioto
                                                 X FRANK ALIOTO (print name)
                                                 for defendant 4096 18th Street, LLC
                                                 Title: PARTNER / OWNER

Date: 3/10/12                                    *[signature]* Michael G. Dotterweich
                                                 Defendant Michael G. Dotterweich

Date: *March 10, 2012*       *[signature]*
                                                     Defendant Margaret F. Dotterweich

Approved as to form:

                                                       KRING & CHUNG, LLP

Date: *3·15·12*                                 *[signature]*
                                                     By: Shane Singh
                                                     Attorneys for Defendants

## ORDER

Pursuant to the above Settlement Agreement and General Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement and General Release for twelve (12) months after the date of entry of this Order by the Court, or until payment for Plaintiff's damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

Dated: __March 21__, 2012

_____
Honorable JOSEPH C. SPERO
United States Magistrate Judge

*[Seal: United States District Court, Northern District of California]*
*[Signature: Judge Joseph C. Spero]*